﻿Citation Nr: AXXXXXXXX
Decision Date: 10/30/20 Archive Date: 10/30/20

DOCKET NO. 191224-50920
DATE: October 30, 2020

ORDER

Entitlement to an effective date earlier than June 4, 2009, for service connection for posttraumatic stress disorder (PTSD) is denied.

FINDINGS OF FACT

1. In a claim received by VA on September 6, 2006, the Veteran sought service connection for posttraumatic stress disorder (PTSD); prior to this date there was no formal claim, informal claim, or written intent to file a claim for entitlement to service connection for PTSD. 

2. Medical evidence of record shows the Veteran was first diagnosed with PTSD on June 4, 2009; prior to this date, it is not factually ascertainable that the Veteran was entitled to service connection for PTSD. 

CONCLUSION OF LAW

The criteria for entitlement to an effective date earlier than June 4, 2009, for service connection for posttraumatic stress disorder (PTSD) have not been met. 38 U.S.C. §§ 5107, 5110; 38 C.F.R. §§ 3.102, 3.155, 3.400.

REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Veteran served in the Army from November 1966 to September 1969, including in Vietnam from January 1968 to January 1969. 

This matter comes to the Board of Veterans’ Appeals (Board) on appeal from a December 2019 rating decision issued by a VA Regional Office (RO). 

By way of background, the Veteran filed his claim for service connection for PTSD in September 2006. In June 2017, the Board denied the Veteran’s claim for service connection for PTSD. He appealed to the United States Court of Appeals for Veterans Claims (Court). In a March 2019 memorandum decision, the Court set aside the Board’s denial and remanded it for additional consideration. The Board ultimately granted the Veteran’s claim for service connection for PTSD in November 2019. Subsequently, the RO assigned a disability rating of 70 percent effective June 4, 2009. 

In response, the Veteran filed a VA form 10182 in December 2019 and selected the Direct Review docket asserting he was entitled to an earlier effective date. 

The rating decision on appeal was issued in December 2019 and constitutes an initial decision; therefore, the modernized review system, also known as the Appeals Modernization Act (AMA), applies. See 38 C.F.R. § 3.2400(a)(1). In the December 2019 VA Form 10182, Decision Review Request: Board Appeal, the Veteran elected the Direct Review docket. Therefore, the Board may only consider the evidence of record at the time of the agency of original jurisdiction (AOJ) decision on appeal. 38 C.F.R. § 20.301.

The Board has limited the discussion below to the relevant evidence required to support its finding of fact and conclusion of law, as well as to the specific contentions regarding the case as raised directly by the Veteran and those reasonably raised by the record. See Scott v. McDonald, 789 F.3d 1375, 1381 (Fed. Cir. 2015); Robinson v. Peake, 21 Vet. App. 545, 552 (2008).

Entitlement to an effective date earlier than June 4, 2009, for service connection for posttraumatic stress disorder (PTSD) is denied. 

Unless specifically provided otherwise, the effective date of an evaluation and grant of pension, compensation, or dependency and indemnity compensation based on an original claim, a claim reopened after final disallowance, or a claim for increase will be the date of receipt of the claim or the date entitlement arose, whichever is later. See 38 U.S.C. § 5110(a); 38 C.F.R. § 3.400. The effective date for a grant of service connection is the day following the date of separation from active service or the date entitlement arose, if the claim is received within one year after separation from active service; otherwise, it is the date of receipt of claim, or the date entitlement arose, whichever is later. See 38 U.S.C. § 5110(a); 38 C.F.R. § 3.400(b)(2)(i).

Prior to March 24, 2015, a “claim” was either a formal or informal communication in writing requesting a determination of entitlement or evidencing a belief in entitlement to a benefit. See 38 C.F.R. § 3.1(p). “Date of receipt” of a claim, information, or evidence means the date on which a claim, information, or evidence was received by VA. See 38 C.F.R. § 3.1(r). Any documented communication from, or action by, a veteran indicating intent to apply for a benefit under laws administered by VA may be considered an informal claim. See 38 C.F.R. § 3.155(b). To determine when a claim was received, the Board must review all communications in the claims file that may be construed as an application or claim. See Quarles v. Derwinski, 3 Vet. App. 129, 134 (1992). Effective March 24, 2015, all claims must be submitted on a form prescribed by the Secretary of VA.

The Veteran filed a claim for service connection for PTSD which was received by VA on September 6, 2006. After a lengthy appeal process, the Veteran’s claim for service connection was granted and assigned a disability rating of 70 percent effective June 4, 2009. The RO assigned this effective date because it was when the medical evidence first showed a confirmed diagnosis of PTSD due to the Veteran’s verified in-service stressor. 

The Veteran contends the RO was mistaken in assigning the effective date asserting that it should be September 6, 2006, the date the claim was received by the VA. For reasons outlined below, the Board disagrees.

As noted above, the effective date of a service connection claim must either be the date of receipt of the claim or the date entitlement arose, whichever is later. 

Here, the Veteran’s claim was received on September 6, 2006. There is no contention, nor does the record show any earlier claim.

Service connection for PTSD specifically requires medical evidence diagnosing the condition in accordance with 38 C.F.R. § 4.125(a) (i.e., in accordance with DSM-5); a link, established by medical evidence, between current symptoms and an in-service stressor; and credible supporting evidence that the claimed in-service stressor occurred. 38 C.F.R. § 3.304(f). 

Here, the record simply does not show the Veteran was ever diagnosed with a DSM-5 conforming diagnosis of PTSD prior to June 4, 2009.

In particular, private treatment records from Dr. R. M. show a diagnosis of PTSD on June 4, 2009. Further private treatment records reflect a diagnosis of PTSD by Dr. P. B., the Veteran’s treating psychiatrist, since at least 2010. Additionally, the Veteran’s VA treatment records show a possible diagnosis of PTSD on January 14, 2010. Prior to these records, there is no confirmed or indicated diagnosis of PTSD. 

The Board acknowledges the Veteran’s reported symptoms and suffering with respect to the symptoms of PTSD. The Veteran’s lay statements, however, cannot be accepted for purposes of establishing service connection for PTSD as 38 C.F.R. §4.125(a) requires medical evidence of a diagnosed condition in accordance with the DSM-5. See also Martinez-Bodon v. Wilkie, 2020 U.S. App. Vet. Claims LEXIS 1523 (Aug. 11, 2020) (holding with respect to psychiatric disabilities VA has expressly limited compensation to disabilities conforming to a DSM-5 diagnosis).

Accordingly, the record does not support that entitlement for service connection was factually ascertainable prior to June 4, 2009. 

An effective date of an award of service connection is not based on the earliest medical evidence showing symptomatology of a condition or diagnosis, but rather on the date that the application upon which service connection was eventually awarded was filed with VA, or the date entitlement arose, whichever is later. See 38 U.S.C. § 5110(a); 38 C.F.R. § 3.400. 

Here, the Veteran filed his claim on September 6, 2010 however, there was no medical diagnosis of PTSD at the time. It was not until June 4, 2009 that the Veteran was formally diagnosed with PTSD as required under 38 C.F.R. §4.125(a) thus establishing the date entitlement to service connection arose. As such, the RO granted service connection for PTSD effective June 4, 2009 the date of diagnosis. 

In light of the above, the preponderance of the evidence is against the claim and the benefit-of-the-doubt doctrine is not for application. The claim for an earlier effective date for service connection for PTSD therefore must be denied. 38 U.S.C. § 5107(b); see also Gilbert v. Derwinski, 1 Vet. App. 49, 57 (1990).

 

Shereen M. Marcus

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board S. F. Minnitte, Attorney Advisor

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.